Eastern District of Kentucky
F I L E D
NOV 07 2018
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at COVINGTON

Civil Action No. 17-222-HRW

JULIA WALDROOP,                                                                      PLAINTIFF,

v.                   **MEMORANDUM OPINION AND ORDER**

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL SECURITY,           DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits on June 17, 2014, alleging disability beginning on June c13, 2013, due to cardiomyopathy. This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Anne Shaughnessy (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, William T. Cody, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled. Plaintiff was 48 years old at the time of the hearing. She has a high school education. Her past relevant work experience consists of work as a machine operator.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability.

The ALJ then determined, at Step 2, that Plaintiff suffers from hypertrophic cardiomyopathy, which he found to be "severe" within the meaning of the Regulations.

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments

The ALJ further found that Plaintiff could not return to her past relevant work but determined that she has the residual functional capacity ("RFC") to perform sedentary work that is unskilled with the following limitations: she can occasionally climb ladders, ropes and scaffolds; frequent fingering with the left hand; avoid concentrated exposure to temperature extremes,

2

vibrations and hazards .

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE.

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner . Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 10 and 12] and this matter is ripe for decision.

## II. ANALYSIS

### A.     Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).   If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial

evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

**B.     Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ improperly weighed the opinion evidence in the record and (2) the ALJ improperly assessed Plaintiff's credibility.

**C.     Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ improperly weighed the opinion evidence in the record. Specifically, she argues that the ALJ should have given the opinion of her treating physician, John Gurley, M.D., controlling weight.

"In order to determine whether the ALJ acted properly in disagreeing with a medical source, we must first determine the medical source's classification," *Ealy v. Comm'r of Soc. Sec.,* 594 F.3d 504, 514 (6th Cir.2010), as "not all medical sources need be treated equally," *Smith v. Comm'r of Soc. Sec.,* 482 F.3d 873, 875 (6th Cir.2007). The Social Security regulations classify "acceptable medical sources into three types: nonexamining sources, nontreating (but examining) sources, and treating sources." *Id.* at 875. Generally, more weight is given to the medical "opinion of a source who has examined [the claimant] than to the opinion of a source who has not examined [the claimant]." 20 C.F.R. § 404.1527(c)(1); *see also Norris v. Comm'r of Soc. Sec.,* 461 Fed.Appx. 433, 439 (6th Cir.2012) (noting that a nonexamining source's opinion is given less deference than an examining (but not treating) source's opinion, which is given less deference than a treating source). But "[i]n appropriate circumstances, opinions from State agency medical and psychological consultants ... may be entitled to greater weight than the

4

opinions of treating or examining sources." SSR 96–6p, 1996 WL 374180, at *3. One such instance is where the "[s]tate agency medical or psychological consultant's opinion is based on a review of a complete case record that includes a medical report from a specialist in the individual's particular impairment which provides more detailed and comprehensive information than what was available to the individual's treating source." *Id.* "The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight [the ALJ] will give that opinion." 20 C.F.R. § 404.1527(c)(3). Generally, more weight is given to opinions that are "more consistent ... with the record as a whole," *id.* § 404.1527(c)(4), and opinions of "a specialist about medical issues related to his or her area of specialty." *Id.* § 404.1527(c)(5).

A treating physician's opinion will not be given controlling weight unless it is "well - supported by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. §404.1527(d)(2). If an ALJ does not find a treating source's opinion to be entirely credible, the ALJ may reject it, provided that good reasons are specified. *Bogle v. Sullivan*, 998 F.2d 342, 347-49 (6th Cir. 1993).

Dr. Gurley completed a cardiac residual functional questionnaire in January 2017. He opined that Plaintiff's chest pain, shortness of breath, leg swelling, dizziness, tachycardia, and morbid obesity that would basically preclude work (Tr. 892-98). Specifically, he stated that she was incapable of even low stress jobs; her cardiac symptoms would frequently interfere with her attention and concentration; she could walk zero city blocks at a time, sit for 30 minutes at a time, and stand for five to 10 minutes at a time; she needed the ability to alternate between sitting and standing at will and needed to elevate her legs above her heart 100% of the time; she could

5

never lift any weight, crouch, or climb ladders; she could rarely twist, stoop, and climb stairs; she should avoid concentrated exposure to extreme cold and noise; she should avoid moderate exposure to extreme heat, wetness, and humidity; she should avoid all exposure to pulmonary irritants and hazards; and she would miss more than four days of work per month (Tr. 892-98).

In considering Dr. Gurley's opinion of dire limitation, the ALJ considered his treatment notes, which showed regular treatment for her heart-related problems, including an ablation procedure and an ICD implant. The ALJ noted that, following the ICD implant, in April 2015, Plaintiff reported that she was slightly improved and was walking 20 minutes per day, three to four times per week despite shortness of breath (dyspnea) on exertion ( Tr. 794). At that time, Dr. Gurley's examination showed no increased work to breath or signs of respiratory distress with a normal heart rate and rhythm but some leg swelling (edema). The ALJ noted that Plaintiff reported fatigue in November 2015 (Tr. 868), but by July 2016 reported that she was doing well with no changes since her last visit (aside from ongoing palpitations and chest pain) (Tr. 863). The ALJ noted that, in January 2017, when Dr. Gurley's completed his opinion questionnaire, Plaintiff reported chest pains related to exertional activities but his examination was largely normal (Tr. 886-87).

The ALJ concluded that his opinion was not consistent with his treatment notes. For example, while Dr. Gurley opined that Plaintiff would need to elevate her legs for 100% of the workday, his treatment notes made no mention of such a directive or requirement. The ALJ also found his opinion to beat odds with the other opinions in the record.

The ALJ found that Plaintiff was extremely limited, but not disabled, by her heart condition. Indeed, the ALJ limited Plaintiff to a range of sedentary work, the least strenuous

6

work possible (Tr. 45).

The ALJ weighed the entire record, including the treatment notes and the three physical medical source opinions of record, and reasonably found that Plaintiff was limited by her heart problems but retained the ability to perform sedentary work. She gave good reasons for doing so. As such, the Court finds no error in this regard.

Plaintiff's second claim of error is that the ALJ improperly assessed Plaintiff's credibility.

It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, (her) conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987).

At the hearing, Plaintiff testified that she was unable to work due to chest pain (Tr. 75). She stated that she experienced chest pain every day, many times a day brought on by activity but sometimes with rest (Tr. 76). The pain usually lasted from fifteen minutes up to an hour at a time and at times radiated into her neck and left shoulder (Tr. 76, 79). Plaintiff experienced shortness of breath with exertion and fatigue (Tr. 76). She estimated she could stand about fifteen minutes and lift no more than a gallon of milk, but did not have difficulty sitting except for fatigue (Tr. 76-77). She testified that spent most of her day laying down, either in bed or on the couch (Tr. 79). She had swelling in her lower leg and ankles (Tr. 80). Plaintiff also elevated her legs above her heart about twice a day for about thirty minutes to help with the swelling. *Id.* Plaintiff testified that she did not cook or do dishes, laundry or grocery shopping due to standing and lifting (Tr. 77-78). Plaintiff stated she did not believe she could perform a sedentary type job due fatigue (Tr. 78).

7

The ALJ found that although Plaintiff's impairment could reasonably be expected to cause some symptoms, she concluded that Plaintiff's subjective complaints of disabling symptoms were beyond reasonable, in light of the medical evidence which showed improvement following the ablation and subsequent treatment.

Subjective claims of disabling symptoms must be supported by objective medical evidence. *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986). The ALJ determined that the Plaintiff's subjective complaints did not pass *Duncan* muster. Given the lack of objective evidence to support Plaintiff's allegations of disabling symptoms, the Court finds no error in the ALJ's credibility determination; rather, the ALJ's assessment of Plaintiff's credibility is supported by substantial evidence on the record.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 7th day of November, 2018.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge